MALAVÉ, PETICIONARIO Y APELADO, *v.* EL PUEBLO, DEMANDADO APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso de *habeas corpus.*

No. 894.—Resuelto en enero 27, 1916.

PRISIÓN SUBSIDIARIA—APLICACIÓN DE LA LEY DE 14 DE MARZO DE 1907.—La aplicación de la ley de 14 de marzo de 1907 (Leyes 1907, p. 303), no debe restringirse al caso en que una persona sentenciada al pago de una multa y en su defecto a prisión, comience a cumplir la prisión y entonces quiera quedar en libertad mediante el pago en efectivo de parte de la multa y ˙el abono de la, prisión sufrida, sino que debe extenderse también al caso en que un acusado, habiendo satisfecho en cárcel la totalidad de la multa sin abonar parte alguna de·ella én efectivo, solicite su excarcelación.

ID.—SENTENCIAS DE LAS CORTES DE DISTRITO, MUNICIPALES Y DE PAZ.—La norma fijada por la ley de 1907 para las sentencias de las cortes de distrito, municipales y de paz, es general y puede aplicarse no obstante lo dispuesto en los artículos 54 y 322 del Código de Enjuiciamiento Criminal, cuando el con-

denado la invoca en su favor.   Es un derecho que le ha otorgado la Legisla-
tura y que debe reconocérsele en toda su amplitud.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Salvador Mestre, Fiscal.*

Abogado del apelado: *Sr. Rafael Martínez Nadal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por el Fiscal contra resolución de la Corte de Distrito de Ponce decretando la libertad de una persona en un procedimiento de *habeas corpus.* Tomás Malavé fué condenado por la Corte Municipal de Barros el 25 de mayo de 1915 por el delito de abandono de menores a pagar una multa de treinta dólares y las costas ascendentes a tres pesos cuarenta y cinco centavos y en defecto de pago a sufrir un día de cárcel por cada medio dólar de la multa y costas que dejare de satisfacer. No habiendo pagado la multa, ingresó en la cárcel del Distrito de Ponce el 31 de mayo de 1915, y el 8 de julio de 1915 presentó su solicitud de *habeas corpus* alegando que de acuerdo con la ley para que los tribunales tengan en cuenta los días que un sentenciado haya cumplido en cárcel y sean rebajados de la pena que le fuere impuesta, aprobada el 14 de marzo de 1907, leyes de 1907, página 303, había cumplido con creces su condena. El juez de distrito lo entendió así y decretó la libertad del peticionario. El Fiscal entonces interpuso el presente recurso de apelación.

Esta Corte Suprema ha resuelto varios casos en los cuales se trató ampliamente de la prisión subsidiaria. Cuando se promulgó el nuevo Código de Enjuiciamiento Criminal, se consignaron en él dos preceptos distintos fijando dos reglas para la reclusión de los condenados al pago de multas en el caso de que dejaren de satisfacerlas, a saber: el artículo 54 que se refiere con toda claridad a los juzgados de paz y fija un día de prisión por cada cincuenta centavos de multa y costas, no pudiendo exceder la prisión de noventa días, y el artículo 322 aplicable a las cortes de distrito que prescribe

que la prisión no podrá exceder de un día por cada dólar de multa, ni pasar más allá del término a que pudiera condenarse al acusado por el delito de que ha sido convicto. Véanse los casos de *Ex parte Nazario,* 8 D. P. R. 459 y *Ex parte Andino,* 8 D. P. R. 484.

Era tan clara la ley que para fijar la regla el tribunal sólo tuvo que repetir los términos en que estaba redactada. Mas, en 1907, la Legislatura de Puerto Rico pasó la ley invocada por el peticionario que contiene sólo tres secciones que copiadas a la letra dicen así:

"Sección 1.—Toda persona sentenciada por las cortes de distrito, municipales o de paz, al pago de multa y costas, o en su defecto a sufrir pena de prisión en cárcel, si, después de haber ingresado en la cárcel a extinguir la sentencia, quisiere quedar en libertad mediante el pago de la multa y costas a que hubiere sido sentenciado, tendrá derecho a que el tiempo que extinguiere en la cárcel le sea rebajado de la totalidad de la multa y costas, a razón de un dollar por cada día que haya estado preso en cumplimiento de dicha sentencia.

"Sección 2.—Toda ley o parte de ella, que se oponga a la presente, queda por ésta derogada.

"Sección 3.—Esta Ley empezará a regir inmediatamente después de ser aprobada."

¿Fijó esta ley una sola regla aplicable tanto a las sentencias que emanaran de las cortes de distrito, como a las que procedieran de las cortes municipales o de paz? La misma ley contesta en la afirmativa la pregunta formulada.

¿Debe aplicarse estrictamente esta ley al caso en que una persona sentenciada al pago de una multa y en su defecto a prisión, comience a cumplir la prisión y entonces quiera quedar en libertad mediante el pago en efectivo de parte de la multa y el abono de la prisión sufrida, o debe extenderse al caso en que un acusado habiendo satisfecho en cárcel la totalidad de la multa, sin abonar parte alguna de ella en efectivo, solicite su excarcelación?

A nuestro juicio debe extenderse a ambos casos. No puede sostenerse en justicia que un condenado por una corte

municipal a pagar treinta pesos de multa, por ejemplo, y en
defecto de pago a sufrir la prisión correspondiente, pueda
permanecer en prisión veinte y nueve días y entonces pagar
un dólar y obtener su libertad de acuerdo con la ley de 1907,
y ese mismo acusado, si no paga ese dólar en esa época, tenga
que permanecer en prisión treinta y un días más para cum-
plir su condena.  La norma fijada por la ley de 1907 para
las sentencias de las cortes de distrito, municipales y de paz,
es general y puede aplicarse no obstante lo dispuesto en los
artículos 54 y 322 del Código de Enjuiciamiento Criminal,
cuando el condenado la invoca en su favor.  Es un derecho
que le ha otorgado la Legislatura que debe reconocérsele en
toda su plenitud.  Sería sin duda mejor que la Legislatura
armonizara todas sus disposiciones sobre la materia, pero
mientras esto se realiza, debemos procurar que su última dis-
posición se cumpla de acuerdo con el espíritu que claramente
la informa.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Sres. Jueces Presidente Hernández y Asociado Al-
drey disintieron.

OPINIÓN DISIDENTE DE LOS SRES. JUECES PRESIDENTE HERNÁNDEZ
Y ASOCIADO ALDREY.

No podemos estar conformes con la resolución dictada por
esta corte en el día de hoy confirmando la apelada.  Opina-
mos que Tomás Malavé debe volver a la prisión donde se
encontraba.

Fúndase nuestra opinión en la misma ley aprobada en
14 de marzo de 1907 para que los tribunales tengan en cuenta
los días que un sentenciado haya cumplido en cárcel y sean
rebajados de la pena impuesta.  Esa ley en su sección 1ª.
otorga a los sentenciados por las cortes de distrito, munici-
pales o de paz al pago de una multa y costas, el beneficio de

que el tiempo que hayan estado en prisión por defecto del pago de la multa, les sea rebajado de la totalidad de la multa a razón de $1 por cada día que hayan estado presos; pero para disfrutar de ese beneficio exige como condición indispensable que el sentenciado, después de haber ingresado en la cárcel a extinguir la condena, quiera quedar en libertad mediante el pago de la multa y costas a que hubiere sido condenado. Es condición *sine qua non* para el disfrute del beneficio, el pago de la diferencia que resulte entre la multa impuesta y la deducción o abono de la prisión sufrida bajo el tipo de $1 por cada día de prisión. Debe pagarse algo de la multa impuesta, como lo revelan las palabras "mediante el pago de la multa y costas;" de lo contrario no habrá términos hábiles para que el sentenciado tenga derecho al beneficio que la ley le otorga.

Fué el deseo de la Legislatura conceder a los sentenciados a prisión subsidiaria por insolvencia de multa, el beneficio de que se les rebajara de la multa $1 por cada día de prisión sufrida, mas no otorgarles el derecho de que fueran puestos en libertad tan pronto como el total de la prisión sufrida cubriera el importe de la multa a razón de $1 por cada día de prisión. Semejante derecho equivaldría a poner en manos de los sentenciados un recurso para dejar incumplida condena a que estaban sujetos por sentencia justa.

Quiso la Legislatura establecer una regla para el caso de que los que estuvieran sufriendo prisión subsidiaria por insolvencia de multa quisieran ser puestos en libertad mediante el pago de la multa, y la regla dictada para ese caso exclusivamente es que de la multa se rebaje la prisión sufrida a razón de $1 por día. No puede haber rebaja de multa si nada se paga.

"Cuando la ley es clara y libre de toda ambigüedad," dice el artículo 13 del Código Civil, "la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu."

Por las razones expuestas, hemos de llegar a la conclusión de que la ley debe aplicarse estrictamente al caso en

que una persona sentenciada al pago de una multa y en su defecto a prisión comience a cumplir la prisión y entonces quiera quedar en libertad mediante el pago en efectivo de parte de la multa y el abono de la prisión sufrida; pero no puede extenderse al caso en que un acusado, habiendo satisfecho en cárcel la totalidad de la multa, sin abonar parte alguna de ella en efectivo, solicite su excarcelación.

La Corte de Distrito de Ponce aplicó indebidamente al presente caso la ley a que nos hemos referido, y ha debido revocarse su resolución.